[Cite as *Z Interior Decorations, Inc. v. Westport Home of Ohio, Inc.* , 2011-Ohio-4113.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| Z INTERIOR DECORATIONS, INC. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 11CAE020017 |
| WESTPORT HOME OF OHIO, INC. | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Common
                             Pleas, Case No. 08CVE050686

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      August 16, 2011

APPEARANCES:

For Plaintiff-Appellant              For Defendant-Appellee

ROBERT D. NOBLE                      DAVID A. DYE
Matan, Wright & Noble                David A. Dye Co., LPA
261 S. Front Street                  PO. Box 433
Columbus, Ohio 43215                 Grove City, Ohio 43123

*Hoffman, P.J.*

{¶1} Plaintiff-appellant Z Interiors Decorations, Inc. ("Z Interiors") appeals the January 14, 2011 Judgment Entry entered by the Delaware County Court of Common Pleas, which overruled its objections to the magistrate's March 31, 2010 Decision/Findings of Fact and Conclusions of Law. Defendant-appellee is Westport Homes of Ohio, Inc. ("Westport").

STATEMENT OF THE CASE AND FACTS

{¶2} Z Interiors filed a Complaint in the Delaware County Court of Common Pleas on May 13, 2008, asserting claims of account stated, account, breach of contract, quantum meruit and quantum valebant, and foreclosure of lein. Westport filed an Answer and Counterclaim, seeking declaratory judgment and injunctive relief, and raising a claim of frivolous conduct related to Z Interiors filing of mechanics liens. After Z Interiors released the mechanics liens and dismissed the foreclosure action, Westport withdrew its counterclaims. Prior to the start of trial, Z Interiors advised the trial court it would no longer pursue the claims for account stated, quantum meruit and quantum valebrant, but indicated it would proceed on the claims of account and breach of contract and sought damages in the amount of $59,491.41, plus interest.

{¶3} The matter proceeded to bench trial before the magistrate on October 22, 2009. The following evidence was adduced at trial.

{¶4} Westport is a residential home builder. On or about May 2, 2007, Carlene Zeches, the president of Z Interiors, an interior decorating company, submitted proposals to redecorate two Westport model homes in the Wagnalls Run and Georgeville Green Subdivisions. Z Interiors provided an individual estimate for each

home based upon the specific decorating needs thereof. The needs were grouped into three categories: wallpaper/paint selections; window treatments; and additional furniture and accessories. The proposals detailed the work to be done under the first two categories. With respect to the third category, additional furniture and accessories, the proposals set forth the amount of $12,860 as the not to exceed number. Westport accepted the proposals.

{¶5}  The parties entered into a written agreement based upon the proposals on or about May 30, 2007.  After Z Interiors commenced work on the houses, Westport requested additional services for the sales offices. The parties did not amend the contract to reflect these additional services nor did the parties issue change orders relative thereto. Upon completion of the work, Z Interiors submitted invoices for payment. The invoices reflected the amounts due and owing for "window treatments"; "wallpaper/wallpaper removal"; "merchandising" ("selection, purchase, placement, preparation of accessories and furniture pieces"); and the work on the sales offices. Westport paid all of the invoices although the costs exceeded the original estimates.

{¶6}  In September, 2007, prior to the completion of the work on the Wagnalls Run and Georgeville Green model homes, Westport asked Z Interiors to submit estimates for decorating services for models in the Mill Valley North, Glen Oak, and Sunbury Meadows Subdivisions. The parties agreed the budget for the homes would be $18 - $20/sq. foot, or approximately $36,900 - $59,000/home.  The budget included furnishing each empty house, however, Z Interiors would have some furniture and accessories available for use from prior model homes. The parties did not reduce to writing any part of the agreement, intending for the original contract to govern these

transactions. Z Interiors provided Westport with estimates of $20,143.73 for the Mill Valley North model; $20,325.20 for the Glen Oak model; and $23,773.23 for the Sunbury Meadows model. The estimates were divided into the following categories: "windows", "wallpaper"; and "sales office".   Each category listed the work to be completed in each room of the particular model home and included the estimated cost for the specific category. Westport accepted the proposals.

**{¶7}**   Z Interiors requested 50% of the cost prior to commencing work on these three model homes. Westport sent Z Interiors an e-mail questioning whether the total cost for the models included the sales offices.  Zeches responded the total included the cost of the sales offices, furnished and accessorized, as in the original two models. Upon completion of the work, Z Interiors submitted invoices for payment. The first invoices submitted to Westport corresponded with the estimates originally provided by Z Interiors. Z Interiors subsequently submitted three additional invoices for "accessory packages" for each model. The amount for the "accessory packages" for the Mill Valley North model was $23,120.02. The "accessory packages" for the Glen Oak and Sunbury Meadows models were $14,746.71, and $21,624.68, respectively.  Westport did not pay the "accessories packages" invoices, but did pay the invoices which corresponded to the estimate provided by Z Interiors.

**{¶8}**   Zeches admitted, although her standard business practice was to provide estimates for all work to be completed, she failed to provide Westport with the estimates for the "accessories packages". Zeches explained Westport intuitively should have known the costs of the "accessories packages" would be above and beyond the estimates based upon the low total figure on the estimates as well as the actual costs of

accessorizing the original two models. Zeches added the parties orally agreed upon a budget of $40,000/model, which did not include the sales office or sales tax. Zeches further testified she had advised Westport the estimates did not include the costs of accessorizing each home. Although Westport requested estimates of the "accessory packages", Zeches did not provide such as she was "very, very busy" and simply forgot.

**{¶9}** After hearing all the evidence, the magistrate issued a decision on March 31, 2010, granting judgment in favor of Westport. The magistrate found Z Interiors failed to completely perform under the terms of the contract; therefore, Westport did not breach the contract by its refusal to pay for the "accessory packages". The magistrate also found Westport's acts under the original contract did not constitute a prior course of action which would bind Westport to pay the invoices at issue.

**{¶10}** Z Interiors filed timely objections to the magistrate's decision. Via Judgment Entry filed January 14, 2011, the trial court overruled Z Interiors' objections, and approved and adopted the Magistrate's Decision as order of the court.

**{¶11}** It is from this judgment entry Z Interiors appeals, assigning as error:

**{¶12}** "I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ADOPTED THE MAGISTRATE'S DETERMINATION THAT PLAINTIFF-APPELLANT FAILED TO ESTABLISH A CLAIM FOR BREACH OF CONTRACT DUE TO ITS OWN MATERIAL BREACH. ONLY A 'MATERIAL' BREACH BY A PARTY RELIEVES THE OTHER PARTY FROM PERFORMANCE AND FAILING TO PROVIDE ESTIMATES FOR THE COSTS OF THE ACCESSORIES WAS NOT A 'MATERIAL' BREACH BY PLAINTIFF-APPELLANT.

{¶13} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ADOPTED THE MAGISTRATE'S FACTUAL AND LEGAL DETERMINATION THAT PLAINTIFF-APPELLANT FAILED TO COMPLETELY PERFORM UNDER THE TERMS OF THE CONTRACT WHEN PLAINTIFF-APPELLANT FAILED TO PROVIDE AN ESTIMATED COST FOR THE 'ACCESSORY PACKAGES,' WITHOUT CONSIDERING PAROL [SIC] EVIDENCE RELEVANT AND ADMISSIBLE TO EXPLAIN THE OMISSION OF THE QUOTE FOR THE 'ACCESSORY PACKAGES.'

{¶14} "III. THE TRAIL [SIC] COURT ERRED AS A MATTER OF LAW WHEN IT ADOPTED THE MAGISTRATE'S DETERMINATION THAT DEFENDANT-APPELLEE'S PRIOR ACTS UNDER THE ORIGINAL CONTRACT DID NOT CONSTITUTE A PRIOR COURSE OF ACTION WHICH WOULD BIND THE DEFENDANT-APPELLEE TO PAYING THE OUTSTANDING INVOICES FOR ACCESSORIZING OF THE MILL VALLEY NORTH, GLEN OAK AND SUNBURY MEADOWS HOUSES.

{¶15} "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ADOPTED THE MAGISTRATE'S DETERMINATION EXCLUDING FROM EVIDENCE PLAINTIFF-APPELLANT'S PROFFERED EXHIBIT 8(B), CORRESPONDENCE FROM DEFENDANT-APPELLEE TO PLAINTIFF-APPELLANT IDENTIFYING AND ACKNOWLEDGING THAT DEFENDANT WAS RESPONSIBLE FOR THE COST OF ACCESSORIZING EACH OF THE THREE HOMES, BASED ON THE ERRONEOUS CONCLUSION THAT SAID CORRESPONDENCE WAS AN OFFER IN COMPROMISE AND NOT ADMISSIBLE UNDER EVID. R. 408."

I

{¶16} In its first assignment of error, Z Interiors asserts the trial court erred in adopting the magistrate's finding it failed to establish a claim of breach of contract against Westport due to its own material breach.

{¶17} In its proposals for the Wagnalls Run and Georgeville Green models, Z Interiors provided estimates for three categories of goods and services: wallpaper/paint selections; window treatments; and additional furniture and accessories. Subsequently, Westport asked Z Interiors to undertake additional work for the sales offices of these models. The parties did not execute change orders for these additions. Upon completion of the work, Z Interiors submitted invoices based upon each category as well as the work on the sales offices. Westport paid all of the amounts due and owing.

{¶18} Prior to the completion of the work on the first two models, Z Interiors submitted proposals for three additional model homes, which included estimates for the costs of window treatments, wallpaper, and the sales offices. Unlike its proposals concerning the first two models, Z Interiors did not include an estimate for accessorizing the last three models.  Further, the original purchase agreement states Z Interiors would provide accessories at the quoted rates, however, Z Interiors never provided any quoted rates for either the first two models or the last three models. After completing the work, Z Interiors, nonetheless, submitted invoices to Westport for the costs of the accessories. The magistrate found Z Interiors' failure to provide Westport with estimates for accessorizing the Mill Valley North, Glen Oak, and Sunbury Meadows models was a failure to completely perform under the terms of the contract. The magistrate concluded

Westport did not breach the contract by refusing to pay the additional costs as a result of Z Interiors' omission.

**{¶19}** Although we would not necessarily label Z Interiors' failure to provide Westport with estimates for the accessories a "material breach", we, nonetheless, find because Z Interiors failed to include estimates for the costs of accessorizing the models, such costs were not part of the contract between the parties, and the trial court properly found Westport was not responsible for such.

**{¶20}** Z Interiors' first assignment of error is overruled.

II

**{¶21}** In its second assignment of error, Z Interiors submits the trial court erred in adopting the magistrate's finding Z Interiors did not completely perform under the terms of the contract due to its failure to provide an estimated cost for the "accessories package", without considering parole evidence relevant and admissible to explain the omission. We find the magistrate's decision and the trial court's judgment entry belie this assertion.

**{¶22}** In her March 31, 2010 decision, the magistrate specifically noted, "During the trial, the Court denied [Westport's] Motion in Limine to Exclude Parole Evidence." March 31, 2010 Magistrate's Decision at 2. The magistrate continued, "As a result, the Court allowed testimony regarding the original contract between the parties and the parties' dealings regarding the original contract." Id. The trial court acknowledged and addressed the magistrate's use of parole evidence, noting: "The record indicates the Magistrate overruled [Westport's] motion in limine to exclude parole evidence…The Magistrate, however, after considering the evidence did not find it relevant and

determined [Westport] was not required to pay for the accessories." January 14, 2011 Judgment Entry at 3.

{¶23} Pursuant to Civ. R. 54(D)(4), when "ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." There is no record demonstration the trial court did not undertake such a review. We presume the trial court considered all the evidence. The record does not affirmatively demonstrate it failed to do so.

{¶24} We find Z Interiors' complaint stems from the fact the magistrate and the trial court did not give as much weight to the parole evidence as it would have liked. Such does not lead to the conclusion the evidence was not considered.

{¶25} The second assignment of error is overruled.

III

{¶26} In its third assignment of error, Z Interiors contends the trial court erred in adopting the magistrate's conclusion Westport's acts under the original contract did not constitute a prior course of action which would bind Westport to the payment of the "accessories packages."

{¶27} R.C. 1301.11 explains the concept of "course of dealing" as well as how such evidence is to be construed. The statute provides, in pertinent part:

{¶28} "(A) A course of dealing is a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct.

{¶29} "* * *

**{¶30}** "(D) The express terms of an agreement and an applicable course of dealing or usage of trade shall be construed wherever reasonable as consistent with each other; but when such construction is unreasonable express terms control both course of dealing and usage of trade and course of dealing controls usage of trade."

**{¶31}** Z Interiors argues because it submitted, and Westport paid, separate invoices for accessorizing the Wagnalls Run and Georgeville Green models subsequent to the submission of invoices for the other three categories of goods/services for these models, such amounted to a course of dealing which obligated Westport to pay the separate invoices for accessorizing the Mill Valley North, Glen Oak, and Sunbury Meadows models. A review of the record convinces us otherwise.

**{¶32}** When Z Interiors submitted its original proposals for the Wagnalls Run and Georgeville Green models, it included a break-down of the categories of work to be performed, which included "additional furniture and accessories." The estimated cost assigned to this category was a "not to exceed" amount. Accordingly¸ Westport was on notice of its obligation to pay for these goods, and was aware of the maximum amount it would pay for the furniture and accessories. However, when Z Interiors submitted its proposals for the Mill Valley North, Glen Oak, and Sunbury Meadows models, it did not include estimates attributable to the cost of accessorizing the models.

**{¶33}** Based up the foregoing, we find the trial court did not err in adopting the magistrate's conclusions the parties did not have a prior course of dealing that obligated it to pay for accessories for which no estimate had been provided.

**{¶34}** Z Interiors' third assignment of error is overruled.

IV

**{¶35}** In its fourth assignment of error, Z Interiors maintains the trial court erred in adopting the magistrate's decision to exclude from evidence "Plaintiff's Exhibit 8(B)", an e-mail correspondence from Westport representative, Jack Mautino III, to Carlene Zeches. Z Interiors asserts this e-mail is an acknowledgement by Westport of its obligation to pay the outstanding invoices, and was not an offer to compromise.

**{¶36}** Evid.R. 408 provides that "[e]vidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

**{¶37}** Evid.R. 408 encourages parties to settle disputes by making offers to compromise based on factors besides potential liability. *Schafer,* 138 Ohio App.3d at 295. This rule, however, makes exceptions when evidence of parties' settlement negotiations or compromise is offered for purposes other than proving liability or invalidity. Id.

**{¶38}** "Plaintiff's Exhibit 8(B)" reads:

**{¶39}** "Carlene,

**{¶40}** "* * *

**{¶41}** "As stated, I am not contesting the additional furniture, the wall coverings, the window treatments or the sales offices.

**{¶42}** "What I am questioning is the gross overrun on what I assumed was a budget of roughly $40,000 (including tax) for a 2200 square foot model or $18 per square foot, as a general rule. This figure includes window treatments, wall coverings, all furniture and all accessories. Extrapolating the $18 per square foot for decorating, below is my offer for the accessories on a per model basis * * *"

**{¶43}** While Mautino's statement as to what he assumed the contract provided was presented in the overall context of an offer to compromise, it is arguable the language about budget/square foot allowance is evidence "otherwise discoverable." Assuming, arguendo, the trial court erred in finding the e-mail to be an offer to compromise, we find any error to be harmless as the information contained therein was cumulative to the parole evidence admitted into evidence on this subject.

**{¶44}** Z Interiors' fourth assignment of error is overruled.

{¶45} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

Z INTERIOR DECORATIONS, INC.            :
                                        :
    Plaintiff-Appellant                 :
                                        :
-vs-                                    :          JUDGMENT ENTRY
                                        :
WESTPORT HOME OF OHIO, INC.             :
                                        :
    Defendant-Appellee                  :          Case No. 11CAE020017


For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY